**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                              Case No. 09-mj-04-01-JM

<u>Jason Bond</u>

**ORDER OF DETENTION PENDING TRIAL
AND PROBABLE CAUSE**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on January 9, 2009, for the purpose of determining whether to detain defendant, Jason Bond, who has been charged with (1) conspiracy to receive and possess stolen firearms shipped in interstate commerce, (2) receiving stolen firearms shipped in interstate commerce, and (3) stealing firearms from a licensed dealer.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer a preponderance of the evidence to prove risk of flight.  See Patriarca, 948 F.2d at 792-93.  Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard.  18 U.S.C. § 3142(f)(2).

In the case at hand, I find probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with regard to danger to the community. Specifically, these crimes involve the theft of sixty-three firearms, some of which are assault weapons, by a marijuana and heroin user. Defendant immediately began selling the firearms. When arrested he was armed. His co-conspirator has confessed and implicated defendant. The evidence is overwhelming. With no plan to deal with his addiction and his affinity for attack weapons, his ties to the community mean little.

I am satisfied from the representations, testimony, and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                        /s/ James R. Muirhead
                                        James R. Muirhead
                                        United States Magistrate Judge

Date: January 9, 2009

cc:    Terry L. Ollila
       Andrew R. Schulman, Esq.
       U.S. Marshal
       U.S. Probation